**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH DIGGS, | |
|               Plaintiff, | MEMORANDUM OPINION & ORDER |
|     - against - | |
| JAMES F. KRALIK, et al., | 05 Civ. 7011 (GBD) (RLE) |
|               Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Joseph Diggs ("Diggs"), filed suit raising claims pursuant to 42 U.S.C. § 1983 and alleging that officials and employees of the Rockland County Jail had denied him medical care. Complaint at 3. The complaint was received in the Court's *Pro Se* Office on June 7, 2005. All defendants were served in October and November of 2005. On April 10, 2006, District Judge George B. Daniels referred the case to the undersigned for general pretrial matters.

As of May 1, 2006, no notice of appearance, answer, or other response to the complaint had appeared on the docket. On that date, the Court ordered that defendants show cause by May 22, 2006, why judgment should not be entered against them. Before the Court are the parties' responses to that order. Because no formal motion for default judgment has been filed, the Court finds that no dispositive recommendation is required. For the following reasons, the Court finds that discovery should proceed, and orders that the parties complete discovery by September 29, 2006.

## II. BACKGROUND

Initially, the Court received no response to the May 1 order from defendants. Diggs

submitted a Declaration for Entry of Default, which was docketed on June 1, 2006. On June 7, 2006, the undersigned received a courtesy copy of a letter, dated June 1, 2006, from counsel for defendants, Paul Nowicki ("Nowicki"), to District Judge Daniels, in response to Diggs's declaration. Nowicki stated that he had sent an answer to the Court on July 29, 2005. His answer was returned to him by the *Pro Se* Office, indicating that because a judge had not yet been assigned to the case and a docket number had not been issued, the answer could not be filed. On October 21, 2005, Nowicki again sent his answer, but addressed it to the *Pro Se* Office, with copy to Judge Daniels. Nothing was docketed at that time.

On June 7, 2006, after receiving his letter, the chambers of the undersigned contacted Nowicki to notify him that no answer or notice of appearance had yet been properly filed. On June 15, 2006, Nowicki's answer and notice of appearance were finally entered onto the docket. Nowicki also filed, on that date, an affidavit in response to the May 1 order outlining some of the details here, and adding that he did not receive a copy of that order. Diggs filed an affidavit on June 21 in response, and Nowicki responded on June 28, 2006.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a judgment of default upon the application of one party and notice to the defaulting party. The court may consider a number of factors, including any prejudice to the plaintiff because of the delay and whether the default is "largely technical" or "caused by a good-faith mistake or excusable neglect." **Anderson v. Jost**, 1992 WL 390286, at *2 (E.D.N.Y. Dec. 9, 1992). Here, Diggs has not demonstrated any prejudice because of the delay. In addition, Nowicki's failure to properly *file* the defendants' answer on a timely basis is excused by the fact that he did *send* defendants'

2

answer to the Court within the appropriate time frame. Once notified of the problems, he complied promptly with orders from and communications with the Court. Nowicki should have followed up on his submissions, and is now warned that continued neglect may no longer be viewed as "excusable." **Id**. Because the Second Circuit has stated that there are "strong policies favoring the resolution of genuine disputes on their merits," **Traguth v. Zuck**, 710 F.2d 90, 94 (2d Cir. 1983) (internal quotations omitted), were a formal motion for default judgment to be filed, the undersigned would recommend denial.

### III. CONCLUSION

**IT IS THEREFORE ORDERED THAT** the parties complete discovery by **September 29, 2006**. Should any discovery disputes arise before that time, the parties should contact the chambers of the undersigned.

**SO ORDERED this 7th day of July 2006**
**New York, New York**

*Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3