UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH DIGGS,

                Plaintiff,                      05 Civ. 07011 (GBD)

      -against-                            MEMORANDUM OPINION
                                                                              & ORDER
JAMES F. KRALIK, et al.,

                Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

    *Pro se* plaintiff, Joseph Diggs ("plaintiff"), filed suit raising claims pursuant to 42 U.S.C. § 1983, and alleging that officials and employees of Rockland County Jail were deliberately indifferent to his serious medical needs when they denied him medical care for his glaucoma condition. Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) and to dismiss the complaint arguing that plaintiff received appropriate treatment for his eye condition. Defendants' motion for summary judgment is granted.

## BACKGROUND

    Plaintiff was incarcerated in the Rockland County Correctional Facility ("Rockland) from March 28, 2005 through September 12, 2005. The initial medical intake and assessment revealed that plaintiff had a history of right eye cataracts and glaucoma. Upon intake, Rockland officials offered to immediately take plaintiff to Nyack Hospital emergency room for evaluation and treatment, but plaintiff refused to be re-shackled. Plaintiff argues that at the time he was unable to tolerate a severe headache and wanted to recover by laying down before being re-shackled. Plaintiff contends that at no time did he intend to refuse medical treatment. At the time Diggs was committed to Rockland he was using Timoptic eye drops to treat his conditions. He continued to receive the Timoptic medication throughout the duration of his custody.

On March 30, 2005, a correctional health nurse or physician submitted a special request form permitting plaintiff to have his own glasses from his personal property indefinitely. Plaintiff contends that his glasses were in an impounded vehicle at the time the request was issued and that he went months without eyeglasses. On April 1, 2005, plaintiff was authorized to wear sunglasses. On April 22, 2005, the Rockland physician, Dr. Antoine, examined plaintiff and referred him to an ophthalmologist. On May 5, 2005, plaintiff met with an ophtalmologist at Spinak Medical Center, Dr. Chang, who ordered that plaintiff continue to receive Timoptic eye drops, receive an eye patch, and be given prescription eyeglasses. Those prescriptions were forwarded to Correctional Health Services. In a complaint dated June 3, 2005, plaintiff filed this action claiming that defendants were deliberately indifferent to plaintiff's medical needs and condition while he was incarcerated at Rockland and seeking damages under 42 U.S.C. § 1983. Defendants are all officials or employees of Rockland.

In due course after this lawsuit was initiated, on July 1, 2005, plaintiff was transported to E-cons, an optician in New York City, to have frames fitted for new eyeglasses. He received prescription eyeglasses that day. Plaintiff returned to see Dr. Chang on July 6, 2005, who conducted a B-scan of plaintiff's right eye. Dr. Chang instructed that plaintiff should continue to receive the Timoptic eye drops, and return in six months for a follow up visit. On July 13, 2005, plaintiff met with the head nurse and Health Services Administrator at Rockland. Plaintiff received an eye patch on July 13, 2005. Thereafter, plaintiff made no further complaints about his eyes. Plaintiff left the Rockland County Jail on September 12, 2005.

**SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). The burden is on the moving party to demonstrate that no genuine factual dispute exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After such a showing, the non-moving party must respond with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" to show that there is a genuine issue for the trier of fact to resolve. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998). A court will resolve all factual disputes in favor of the non-moving party. See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc., 182 F.3d 157, 160 (2d Cir.1999). If there is evidence from which a reasonable inference could be drawn in favor of the non-movant, then summary judgment is not appropriate. See Tri-State Employment Serv., 295 F.3d at 260.

Prison civil rights actions pursuant to Section 1983 alleging inadequate medical care may raise Eight Amendment concerns. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to prove an Eighth Amendment violation, plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Id. at 106. The first element a plaintiff must prove is a 'sufficiently serious' deprivation of medical treatment, i.e., a deprivation reasonably likely to result in death, degeneration, or extreme pain. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)(internal quotation omitted); see also Harrison v. Barkley, 219 F.3d 132, 136-37 (2d Cir. 2000)("A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of

pain.")(internal quotation and citation omitted). Only those deprivations which deny the "minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment claim . . . because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eight Amendment violation only if those needs are serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Second, plaintiff must produce facts tending to show that the defendant acted "with a sufficiently culpable state of mind," i.e., that the defendant knew of and disregarded the excessive risk to the inmate's health arising from the deprivation of medical treatment. Id. (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Disputes about the proper course of treatment do not create a constitutional claim, and "[s]o long as the treatment given is adequate, the fact that the prisoner might prefer a different treatment does not give rise to an Eight Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

In this lawsuit, plaintiff has failed to provide a factual basis that shows his injuries were objectively sufficiently serious to raise an Eighth Amendment claim. Beyond a complaint of "[chronic] and serious pain," there is nothing in the record to support plaintiff's claim of deliberate indifference on the part of defendants. This is particularly true, since the record shows that plaintiff was given continuous medical treatment for his pre-existing eye conditions throughout his stay at Rockland County Jail. He was initially assessed by a physician upon arriving at Rockland on March 28, 2005, and authorized by health care officials over the next few days to wear his own eyeglasses or Rockland-provided sunglasses. Throughout his time in custody plaintiff received Timoptic eye drops, which a specialist later confirmed was the

appropriate treatment for plaintiff's ailment. Plaintiff also met with a Rockland physician on April 22, 2005, and was taken to New York City on May 5, 2005, to meet with an ophthalmologist. Thus, plaintiff cannot argue that he was refused medical treatment. Rather, plaintiff's claim is that the treatment he received was inadequate and untimely.

As to the adequacy of treatment, plaintiff has not alleged that there is anything specific physicians should have provided him with, that they did not. Nor does plaintiff demonstrate that any inaction on the part of defendants lead to a serious injury or grossly aggravated his pre-existing eye conditions to a level that allows plaintiff to effectively assert an Eighth Amendment claim. There is simply no evidence in the record that defendants actions or inaction lead to any serious pain or injury that plaintiff would not have otherwise suffered. Plaintiff's claim that the time it took for him to receive medical treatment was unconstitutionally long is also without merit. Plaintiff received medical care from the beginning of his stay at Rockland, and the facts do not show an unduly protracted delay that would warrant a finding of deliberate indifference on the part of defendants. Even if this Court were to ignore the objective element of the deliberate indifference test under the Eighth Amendment, plaintiff has failed to show that defendants possessed a sufficiently culpable state of mind to meet the subjective prong of the test. There is no evidence that defendants knew of and disregarded any excessive risk to plaintiff's health that could result from the level of medical treatment plaintiff received.

Defendants' motion for summary judgment is GRANTED. This case is dismissed.

Dated: New York, New York  
March 28, 2008

SO ORDERED:

GEORGE B. DANIELS  
United States District Judge

5